KATIE, The (UNDERWRITERS' WRECKING CO. v.). See Case No. 14,342.

KATY WISE, The (ELLIS v.). See Case No. 4,404.

KAUB (UNITED STATES v.). See Case No. 15,507.

---

## Case No. 7,626.

### In re KAUFMAN et al.

[8 Ben. 394.] [1]

District Court, S. D. New York. March, 1876.

BANKRUPTCY — WITHDRAWING PROOF OF CLAIM— MISTAKE.

N. & Co. filed a proof of claim in the bankruptcy proceedings of K. & Co., on a bill of exchange drawn by K. & Co. for £800. N. & Co. at the time were indebted to K. & Co., in a balance of account on gold transactions, amounting to $3,250. A dividend was after-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

wards declared in the bankruptcy proceedings and N. & Co. received their dividend on the amount of the bill of exchange. A suit being then brought by the trustees of the bankrupts against N. & Co. to recover the $3,250, N. & Co. applied to withdraw the proof of claim and file a new one for the difference between the $3,250 and the £800, averring that they had never intended to claim any more than that, and tendering back the dividend, which they had received: *Held*, that N. & Co. might be allowed to withdraw the proof of claim filed by them, and file a new one on the bill of exchange as a secured claim, secured by the amount of the debt due from N. & Co., to the bankrupts, and setting forth the dividend received: the permission granted, however, not to affect the question of set-off, or the rights of the trustees or of N. & Co.

This matter came before the court on a petition of Netter & Co., creditors of the bankrupts [Samuel Kaufman and others], for leave to withdraw their proof of debt and to file a new one. The petition set forth that Netter & Co. at the commencement of the bankruptcy proceedings were the owners of a bill of exchange for £800 drawn by the bankrupts, and that they were also indebted to the bankrupts in a balance of account on certain transactions in gold, amounting to $3,250; that they had filed a proof of debt on the bill of exchange, intending, however, only to claim the difference between the amount of the bill of exchange and the balance of account, and supposing that their indebtedness would be set-off against the bill of exchange and their claim allowed for the difference; that when a dividend was declared on the estate by the trustees, they received their dividend without adverting to the rate of the dividend or the fact that it was declared on the whole amount of the bill of exchange; that since that time a suit had been commenced against them by the trustees to recover the $3,250 due from them as the balance of account; and that they now understood that it might be claimed that their having filed such a proof of claim as they had done was a waiver of their right to offset the balance of account against the amount due on the bill of exchange. The petitioners therefore offered to return the dividend which they had received, with interest, and prayed for leave to file a new proof of claim for the difference between the bill of exchange and the $3,250.

C. A. Davison, for petitioners.
E. Lauterbach, for trustees.

BLATCHFORD, District Judge. I think that Netter & Co. should be allowed to withdraw their proof of claim and to file a new proof of claim. But the new proof must be a proof on the bill of exchange as a secured claim, secured by the amount of the debt due to the bankrupts by Netter & Co., to the extent of such latter debt. It is not proper that Netter & Co. should be allowed, in the proof, to strike a balance by deducting from the amount due on the bill of exchange the amount due to the bankrupts by Netter &

Co., and to make a proof of claim for such balance. The new proof should also set forth the dividend received. I do not at all now pass on the question of set-off, but leave it to be determined in the suit brought by the trustees or by some other proceeding. The form of the new proof must be incorporated in the order hereon, which will be settled on notice, and the order must contain a provision that the permission granted by it shall in no manner affect the rights either of the trustees or of Netter & Co. in respect to the set-off claimed by the latter.